UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David Wright, # 13182-171, | ) | C/A No. 8:11-0533-HMH-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| J.A. Keller, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, David Wright ("Petitioner"), proceeding *pro se*, brings this action

pursuant to 28 U.S.C. § 2241 for habeas relief.[1]  Petitioner is an inmate at USP Atlanta,

a facility of the Federal Bureau of Prisons in Atlanta, Georgia.  Petitioner claims he is

"actual[ly] innocent of the Career Criminal Act."  ECF No. 1 at 3-4.  He contends the

Supreme Court's decision in *Begay v. U.S.*, 553 U.S. 137 (2008), is retroactive and allows

him to proceed with this § 2241 petition under the "savings clause" of § 2255.  *Id*. at 5.  The

§ 2241 petition should be dismissed because this Court does not have jurisdiction to

consider it.

### *PRO SE*  HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been

made of the *pro se* habeas petition filed in this case.  The review was conducted pursuant

to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996,

Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v.*

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

*Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to construe *pro se* petitions liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (A document filed *pro se* is to be liberally construed.). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true, *Hughes*, 449 U.S. at 9, but the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). The petition submitted in this case, even under this less stringent standard, is subject to summary dismissal.

## DISCUSSION

A habeas petition filed pursuant to 28 U.S.C. § 2241 must be filed with the federal

2

district court in the district where the petitioner is incarcerated. It is a "general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Although Petitioner was sentenced in this District Court, he is not currently incarcerated within this district. Petitioner is an inmate at USP Atlanta, a facility of the Federal Bureau of Prisons, in Atlanta, Georgia. The district of confinement, then, is the United States District Court for the Northern District of Georgia, which is currently the only district with jurisdiction to consider a petition filed by Petitioner pursuant to § 2241. Therefore, this Court lacks jurisdiction to consider Petitioner's § 2241 petition, and the petition should be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the petition for a writ of habeas corpus be dismissed *without prejudice* and without requiring a response by the respondent.

s/Jacquelyn D. Austin
United States Magistrate Judge

April 18, 2011
Greenville, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).